**Lydell V. MULDROW, Appellant**

v.

**Peter J. BROOKS; Charles Kellar; Janet Stiteler; City of Harrisburg**

**No. 00–3730.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 15, 2002.

Filed April 29, 2002.

Before ALITO and ROTH, Circuit Judges SCHWARZER *, District Judge.

## OPINION

ROTH, Circuit Judge.

Appellant Lydell V. Muldrow, formerly a corporal in the Harrisburg Bureau of Police, appeals from a judgment entered against him in the United States District Court for the Middle District of Pennsylvania. Muldrow filed a complaint against Peter J. Brooks, Charles Kellar, Janet Stitelar, and the City of Harrisburg pursuant to 42 U.S.C.1983, claiming racial mistreatment and retaliatory discharge. On October 2, 2000, just prior to the commencement of the trial in this case, the District Court granted defendants' motion in limine, seeking to exclude testimony by Charles Painter, a fellow officer, on the basis of Muldrow's failure to identify Painter as a potential witness before the close of discovery pursuant to Fed.R.Civ.P. 26.

At trial, the jury found in favor of defendants and judgment was entered on October 5, 2000. Muldrow appeals both the order granting the motion in limine, and the judgment against him.

Muldrow argues on appeal that the District Court abused its discretion in excluding Painter's testimony. Muldrow claims that, by mentioning Painter several times during Muldrow's own deposition, he put the defendants on notice that Painter was a potential witness. Defendants respond that it was not until after discovery had closed that Muldrow ever mentioned Painter as having direct knowledge of any of the alleged discriminatory incidents.

During discovery a party is required to disclose the names of witnesses that may be called to testify at trial. See Fed. R.Civ.P. 26. Failure to do so will preclude the party use of those witnesses, unless such failure is harmless. See Fed.R.Civ.P. 37(c)(1). Defendants claim that they were harmed by the failure to disclose Painter because his alleged knowledge of an incident was not revealed until after defendants had filed for summary judgment, because defendants did not have the opportunity prior to trial to depose Painter or the other officers who he claimed were with him, and because defendants would not have had an opportunity to locate rebuttal witnesses. From our review of the record, we conclude that the District Court did not abuse its discretion in its decision to exclude Painter's testimony.

For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.